UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
        v.                        )          2:25-CR-00132-DCLC-CRW
                                  )
MARCUS KIRK                        )
                                  )

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant's Motion for Bond Pending Sentencing (the "Motion"). [Doc. 40]. The Court held a hearing on the Motion on June 18, 2026. For the reasons set forth below and stated on the record, the Motion is **DENIED**.

On March 10, 2026, a federal grand jury returned a five-count superseding indictment charging Defendant with both conspiracy to distribute and the actual distribution of methamphetamine and fentanyl. [Doc. 20]. On May 27, 2026, Defendant pleaded guilty to Count Five of the Superseding Indictment for distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and his sentencing hearing is set for September 16, 2026. [Docs. 35, 37]. In the Motion, Defendant notes that he waived a detention hearing without prejudice at his arraignment but is now seeking for the Court to grant his release pending sentencing. [Doc. 40].

A defendant found guilty of a drug offense punishable by ten years or more of imprisonment, as is the case here under 21 U.S.C. § 841(a)(1), (b)(1)(A), is subject to mandatory detention pending sentencing. *See* 18 U.S.C. §§ 3143(a)(2), (b)(2); 18 U.S.C. § 3142(f)(1)(C). Defendant acknowledges this fact and contends that he may be released under 18 U.S.C. § 3145(c)

which requires that it be "clearly shown" that "exceptional reasons" exist for his release. *See United States v. Christman*, 596 F.3d 870, 871 (2010).

Defendant requests that he be released pending sentencing to care for and live with his grandmother who resides in Michigan and requires 24-hour care due to health issues. [Doc. 40]. Defendant contends that the members of his family who live in Michigan are unable to provide the level of care required because they have full-time jobs and other family commitments. Defendant argues that being able to provide care for his grandmother pending sentencing qualifies as an "exceptional reason" for his release. 18 U.S.C. § 3145(c).

Exceptional reasons are ones that are "out of the ordinary, uncommon, or rare." *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (internal quotation marks omitted). Personal reasons such as caring for family members or maintaining gainful employment are not considered "exceptional." *See United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008); *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).

Accordingly, Defendant's situation, though sympathetic, does not qualify as an exceptional reason for release pending sentencing. As the Court stated on the record during the hearing, Defendant's Motion is **DENIED**.

      **SO ORDERED:**

                  s/ Clifton L. Corker           
                  United States District Judge

2